■ HAROLD CRANDALL, Respondent, v. ST. MARY'S HOSPITAL OF TROY, Appellant.— Appeal by defendant from a judgment of the Supreme Court entered upon a jury verdict of $33,500, for personal injuries alleged to have been sustained by plaintiff as the result of negligence and malpractice on the part of an employee of the defendant. On September 13, 1958, plaintiff, a dairy farmer, sustained a laceration of the middle knuckle of the second finger on his left hand when he caught his hand between a belt and pulley on a hay baler which he was operating. He was taken to the defendant hospital for emergency treatment where the laceration was cleansed and sutured by a doctor employed by the hospital, assisted by a nurse employed by the hospital. Plaintiff was thereupon discharged and advised to consult his family doctor. Subsequently infection developed, the wound had to be reopened, and the final result was that plaintiff had a permanently ankylosed second finger at the middle joint at approximately a 45-degree angle, and some atrophy of his left hand. The record disclosed adequate evidence to submit to a jury the question of defendant's negligence. There is evidence from which a jury could find that the defendant's doctor-employee did not properly cleanse the wound and sutured it with foreign material inside, and that his treatment of the wound was not in accordance with established medical practice. Appellant contends, however, that certain errors were committed at the trial, particularly in connection with the reception of evidence, and that the verdict is excessive. Most of

the errors assigned by appellant in the reception of evidence relate to evidence pertaining to damages. In an overzealous attempt to prove damage plaintiff's counsel attempted, and in a large measure succeeded, in getting before the jury several different theories and measures of damage which were speculative and not legally attributable to plaintiff's injury. For example, plaintiff was allowed to prove his total income from his farm for several years prior to the injury and a smaller total income for several years following the injury, although of course many factors other than the injury to his finger may have entered into the differences in income; he was allowed to prove that several cows became worthless as milking cows and had to be sold at a substantial loss for beef allegedly because plaintiff could not properly hand milk them; he was allowed to prove the amount that would have to be paid per month for a dairyman of plaintiff's experience and ability to operate such a dairy farm as plaintiff's (although it is not even claimed that plaintiff could not perform the management and many of the physical duties of his farm operation despite the injured finger); and plaintiff was allowed to prove how much he would have received from custom bailing and other work for other farmers, although machinery and equipment as well as his labor was included in such amount. Defendant's counsel was equally overenthusiastic with objections, sometimes resulting in argument and colloquy between counsel on both sides and the court, which created an atmosphere of complete confusion about damages. For these reasons and for the reason that the verdict is grossly excessive for the injuries sustained a new trial is necessary unless the verdict is reduced. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless within 20 days after the entry of an order hereon respondent stipulates to reduce the verdict to $16,000, in which event the judgment as so modified, is affirmed, without costs.